

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMISSIONS IMPORT EXPORT S.A., <br><br> Plaintiff, <br><br> -against- <br><br> THE REPUBLIC OF THE CONGO AND CAISSE CONGOLAISE D'AMORTISSEMENT, <br><br> Defendants. | Civil Action No. 11 CIV 6176 <br><br> **COMPLAINT**  |

Plaintiff, Commissions Import Export S.A. ("Commisimpex"), by its attorneys, White & Case LLP, as and for its Complaint against Defendants Republic of the Congo ("Congo") and Caisse Congolaise D'Amortissement ("CCA"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action to recognize and enforce a money judgment (the "English Judgment") rendered by the High Court of Justice, Queen's Bench Division, Commercial Court in London, England (the "English Court") against Congo and CCA.

2. This court has jurisdiction in this action under the U.S. Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, and 1602-11, and the New York Uniform Foreign Country Money Judgments Recognition Act, N.Y. C.P.L.R. Article 53.

3. The English Judgment arose from Defendants' failure to satisfy an arbitral award issued by the International Court of Arbitration of the International Chamber of Commerce (the "Award") in respect of unpaid debts incurred by Congo and CCA on promissory notes issued to Commisimpex.

## THE PARTIES

4. Plaintiff Commisimpex is a company incorporated under the laws of the Republic of the Congo.

5. Defendant Congo is a sovereign state. Defendant CCA is a department of the Ministry of Economy, Finance and Planning of the Congo, with responsibility for management of the Congo's debts. Congo is a foreign state under 28 U.S.C. § 1603(a) and CCA is an agency or instrumentality of a foreign state under 28 U.S.C. § 1603(b).

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1605(a)(1), (2) and (6). Congo and CCA agreed to arbitrate commercial disputes under rules which are expressly enforceable in the United States and this action is to domesticate a confirmed arbitral award relating to Defendants' agreement to arbitrate.

7. Venue is proper under 28 U.S.C. § 1391(f)(1) as Defendants owe debts subject to attachment and execution in this District.

## THE ARBITRATION AWARD

8. In December 2000, the International Court of Arbitration of the International Chamber of Commerce, made a final award against the Defendants Congo and CCA and in favor of Plaintiff Commisimpex. The arbitration was commenced by Commisimpex based on unpaid promissory notes issued by Defendants to Plaintiff. A true and correct copy of the Award is annexed hereto as Exhibit A. The Award is enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (also known as the "New York Convention"), which has been ratified and enacted in the United States.

9. Under the Award, Congo and CCA are jointly and severally liable for the following amounts in Euros, Pounds Sterling, U.S. Dollars, and Communauté Financière Africaine Francs: €4,094,531, £18,903,708, US$31,184,837, and CFA 1,731,267,415.

10. Under the Award, Congo and CCA also were ordered to pay Commisimpex "penalty interest" on:

    (a) the amount of certain promissory notes (from the maturity date of the relevant promissory notes to the eventual date of payment);

    (b) the amount of the claims underlying certain time-barred promissory notes (from the maturity date of the relevant promissory notes to the eventual date of payment); and

    (c) on the following capital amounts, in each case, from the date specified until the eventual date of payment:

        i. FF 193,992 (equivalent to EURO 29,573.89) (from April 30, 1997);

        ii. FF 335,406 (equivalent to EURO 51,132.31) (from December 30, 1993);

        iii. GBP 70,247 (from August 30, 1999), GBP 83,054 (from July 30, 1995); and

        iv. USD 69,403 (from September 30, 1999) and USD 84,625 (from August 30, 1995).

11. Congo and CCA also were ordered under the Award to pay Commisimpex arbitration costs of US$393,333 and €22,867.

12. Congo and CCA have not paid Commisimpex the amounts owed under the Award.

## THE ENGLISH JUDGMENT

13. In June 2009, Commisimpex commenced the English Court proceeding against the Congo and CCA for nonpayment of the Award. Service on Defendants was

accomplished via diplomatic channels. The British Foreign and Commonwealth Office certified that the English Judgment was served on the Ministry of Foreign Affairs of the Congo.

14. Congo and CCA failed to appear in the English Court proceeding.

15. In July 2009, the English Court entered the English Court Judgment in favor of Commisimpex and against Congo and CCA with respect to the Award. A true and correct copy of the English Judgment is annexed hereto as Exhibit B. Under the English Judgment, Congo and CCA were ordered to pay Commisimpex the following:

(a) principal amounts in Euros, Pounds Sterling, U.S. Dollars, and Communauté Financière Africaine Francs: €4,094,531, £18,903,708, US$31,184,837, and CFA 1,731,267,415;

(b) "penalty interest" amounts in Euros, Pounds Sterling, U.S. Dollars, and Communauté Financière Africaine Francs: €8,300,622, £34,312,232, US$56,408,208, and CFA 2,899,457,582;

(c) arbitration costs of US$393,333 and €22,867, and

(d) costs to be assessed.

16. The English Judgment has been served through diplomatic channels on Congo and CCA. The British Foreign and Commonwealth Office certified that the English Judgment was served upon the Ministry of Foreign Affairs of the Congo.

17. The English Judgment has become final, conclusive, and enforceable in England.

18. Congo and CCA have not paid any portion of the English Judgment to Commisimpex.

## CLAIM FOR RELIEF

19. Plaintiff repeats and alleges the allegations set forth in paragraphs 1 through 18 herein.

NEWYORK 7897632 (2K)

20. Congo and CCA are "foreign states" as that term is used in Article 53 of the N.Y. Civil Practice Law and Rules.

21. The English Judgment is a "foreign country judgment" as that term is used in Article 53 of the N.Y. Civil Practice Law and Rules.

22. All the grounds for recognition of the English Judgment under Article 53 of the N.Y. Civil Practice Law and Rules have been satisfied.

23. The English Judgment does not conflict with any other final and conclusive judgment.

24. The English Judgment against Congo and CCA should be recognized and enforced in favor of Commisimpex in the following amounts:

    (a) principal amounts in Euros, Pounds Sterling, U.S. Dollars, and Communauté Financière Africaine Francs: €4,094,531, £18,903,708, US$31,184,837, and CFA 1,731,267,415;

    (b) "penalty interest" amounts in Euros, Pounds Sterling, U.S. Dollars, and Communauté Financière Africaine Francs: €8,300,622, £34,312,232, US$56,408,208, and CFA 2,899,457,582;

    (c) arbitration costs of US$393,333 and €22,867, and

    (d) costs to be assessed;

    (e) additional interest accrued since the date of the English Judgment; and

    (f) costs in the present action.

WHEREFORE, Plaintiff Commisimpex demands judgment against Defendants Congo and CCA as follows:

1. Recognizing and enforcing the English Judgment by awarding Plaintiff Commisimpex the following amounts:

    (a) principal amounts in Euros, Pounds Sterling, U.S. Dollars, and Communauté Financière Africaine Francs: €4,094,531, £18,903,708, US$31,184,837, and CFA 1,731,267,415;

NEWYORK 7897632 (2K)

(b)    "penalty interest" amounts in Euros, Pounds Sterling, U.S. Dollars, and Communauté Financière Africaine Francs: €8,300,622, £34,312,232, US$56,408,208, and CFA 2,899,457,582;

(c)    arbitration costs of US$393,333 and €22,867, and

(d)    costs assessed by the English Court;

(e)    additional interest from the date of the English Judgment; and

2.    Awarding interest accrued since the date of the English Judgment and costs in the present action.

3.    Awarding such other and further relief as deemed appropriate.

Dated: September 1, 2011
    New York, New York

WHITE & CASE LLP

By: _____
    Owen C. Pell
    Peter E. Wilhelm
    1155 Avenue of the Americas
    New York, New York 10036
    (212) 819-8900

*Attorneys for Plaintiff
Commissions Import Export S.A.*

6